IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01043–REB–KMT

BETTY PATTEN, individual,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion for Spoliation Sanctions" (hereinafter "Mot."). [Doc. No. 27, filed January 30, 2009.] "Defendant's Response to Motion for Spoliation Sanctions" (hereinafter "Rsp.") [Doc. No. 36] was filed February 27, 2009 and Plaintiff's "Reply in Support of Motion for Spoliation Sanctions" [Doc. No. 41] was filed March 23, 2009. The court has determined that oral argument would not be beneficial and the motion is therefore ripe for review and ruling.

Plaintiff seeks spoliation sanctions against Target as a result of the loss of handwritten "maintenance logs" contained in one expanding file folder which documented maintenance work performed at the Parker, Colorado Target store where the accident at issue in this lawsuit occurred.

*Statement of Facts*

Plaintiff sustained injuries from a fall on March 12, 2006 in the Target store located at 9851 S. Parker Road, Parker, Colorado.  This store was permanently closed by Target in favor of a new store in October, 2006.  Plaintiff claims she tripped over defective flooring at the front of the store near the check-out lines and suffered significant injury.  Defendant denies this allegation insofar as the fall is attributed to defective flooring in the store, citing to pictures which were taken at the scene of plaintiff's fall showing there was no defect in any of the flooring within approximately an eight to ten foot range of where the defendant fell.  (Rsp., Exh. B.)  The defendant claims that the marks on the floor depicted in the photographs taken at the scene indicate that plaintiff tripped over her own feet, stumbled, causing her to leave black shoe marks on the floor, and then fell.

In addition to the pictures which were taken by store employees at the time of the plaintiff's fall, the plaintiff's son, Michael Patten, undisputedly returned to the store later the same day of the fall and took photographs of the floor all around the area where plaintiff fell. (Rsp., Exh. C, Deposition of Michael Patten, (hereinafter "M. Patten Depo.") pp. 9:20-11:25; 14:2-15:1; 32:24-33:4; 45:18-46:5.)   Mr. Patten took the photographs with a digital camera containing a memory card.  (*Id*.)  According to discovery responses in the case, those photographs were never downloaded or printed by the plaintiff or her son and Mr. Patten disposed of the both the digital camera itself as well as the memory card subsequent to taking the pictures.  (Rsp., Exh. E and F.)  Those destroyed photographs unquestionably would have

depicted the condition of the floor at the time of the plaintiff's fall since they were taken for precisely that purpose.  (Patten Depo., p. 11:9-11.)

After the incident, the plaintiff advised the Target claim representative that "her son went back to the store to get her vehicle after she'd been transported via amb. [and] [h]e reported that near her shoe scuff mark there was a RIDGE IN THE TILE." (Mot., Exh. 1,  entry dated 3/29/06 [emphasis in original]).  Additionally, on May 17, 2006, the claim representative documented unsuccessful attempts to locate and verify any defect in the tile floor at the scene of plaintiff's fall. (*Id*., entry dated 5/17/06.)

Defendant Target has produced an electronically stored work order dating from the fall of 2005 that reflects a request by an on-site maintenance employee for assistance in performing needed proactive tile replacement and has confirmed in written discovery that there were no other work orders of a similar nature in the relevant time frame.  The defendant states that four employee depositions of persons at the scene of plaintiff's fall have been taken and all the depositions reveal that there is no evidence of any prior reported slip, trip or fall incidents in which another person, inclusive of Target employees, claims to have fallen due to defects in the tile floor at the store.

The parties have taken the deposition of the on-site maintenance employee at the Target store where plaintiff fell, Patric Bensinger.  (Mot., Exh. 3; Rsp., Exh. A – Deposition of Patric Bensinger (hereinafter "Bensinger Depo.").)  Mr. Bensinger testified that during his employment at the store where the incident occurred he received "blue cards" from store employees on a regular basis on a large gambit of things in need of repair in the large store such as a

malfunctioning cardboard bailer, burned-out light bulbs, fitting room problems, etc. (Bensinger Depo. pp. 9:8-10:17.) "Blue cards" were, at the time of the incident charged, index-style cards generated by store employees to alert maintenance personnel when items in the store needed repair, including flooring tiles that were damaged, loose or for other reasons in need of replacement.  Bensinger testified that he replaced floor tile on a regular basis at the store both based on what he himself saw and on blue card submissions from other employees.  (*Id.*, p. 38:13-18.)  During the relevant time period, Mr. Bensinger also documented the tasks he performed in response to the receipt of blue cards on a handwritten maintenance log. (*Id.*,  pp. 13:15-14:19.)  The actual blue cards themselves were thrown away when the task was completed.  (*Id.*, p. 13:22-23.) The maintenance logs were kept by Bensinger in an accordion folder which he maintained. (*Id.*, p. 14:17-19.)  When Mr. Bensinger was transferred to the new Super Target in Parker, Colorado in approximately August, 2006, he left those handwritten maintenance logs in the accordion  folder at the old store.  (*Id.*, pp. 14:20-16:3.)  Mr. Bensinger testified that after he was transferred to the new store and the Parker store at issue in this case was closed permanently, he had no knowledge of what became of the file and its contents. (*Id.*, p. 15:7-12.)  Mr. Bensinger also testified that he was never made aware of Plaintiff's fall in the store prior to this litigation, which was not instituted until two and one-half years after the accident. (Id., pp. 58:21-59:7.)  It is not disputed that no one now has the handwritten maintenance logs and it is presumed that they were destroyed upon the closing of the store.  The plaintiff's motion is directed at the loss of these maintenance logs.

4

On June 15, 2006, it is undisputed that plaintiff's counsel advised the defendant that plaintiff would be pursuing a claim against Target as a result of the March 12, 2006 fall. The plaintiff did not request that any particular documents be preserved. A civil action was not actually filed until March 2, 2008 in Douglas County District Court and was removed to this court on May 19, 2008. The discovery request for the maintenance logs was made on August 7, 2008, approximately four years after Mr. Bensinger had left the accordion file at the former store location.

### *Legal Standard*

"Spoliation is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 457 (2d Cir.2007); *Kokins v. Teleflex, Inc.*, 2007 WL 4322322, *2 (D. Colo. 2007)(J. Miller). Federal courts have authority to impose a variety of sanctions for spoliation including dismissal of the action. *Kokins* at *2. This power derives from the inherent power of the court necessary to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Id*. (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Spoliation sanctions are proper when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). "When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which

generally carry the most weight: 1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of actual prejudice to the other party." *Kokins* at *2.

If the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith. *Turner v. Public Service Co. Of Colo.*, 2009 WL 1132126, 11 (10th Cir. 2009). In the Tenth Circuit, "an adverse presumption that follows the destruction or spoliation of evidence arises only in cases of willful destruction [or] suppression." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 864 (10th Cir.2005) (citation and internal quotation marks omitted) (alteration in original); *Johnson v. USA Truck, Inc.*, 2007 WL 2461645, 6 (D. Colo. 2007). "[M]ere negligence in losing or destroying records" is not sufficient to warrant an adverse inference, "because it does not support an inference of consciousness of a weak case." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir.1997). Even if the request is for a lesser sanction, such as striking part of a party's proof, the Tenth Circuit still requires that the party who destroyed the evidence "knew, or should have known, that litigation was imminent." *Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1220 & n.6 (10th Cir. 2008); *Energy West Mining Co v. Oliver*, 555 F.3d 1211, 1220 (10th Cir. 2009).

*Analysis*

In this case, the plaintiff's problem is two-fold: first, she herself is guilty of spoliation of significant evidence which might be helpful to the opposing party, and; second, the documents which have been lost by defendant have not been shown to be likely to have any evidentiary significance whatsoever.

There is no testimony from anyone that there was any damage to the tile floor except for that which comes from plaintiff's son, the very person who destroyed the pictures of the floor taken on the day of the fall. The evidence which is available to the court and the parties now provides a clear inference that the lost maintenance logs would not contain any evidence of damage to the floor at the time and place where defendant fell. The maintenance employee who would have been called to fix any defective tile was not made aware that a fall had even occurred. The pictures which have been preserved show no floor damage and do not depict any raised ridge in the tile. The depositions of the employees on the scene when plaintiff fell do not indicate there was any floor damage or other issues with the floor tiles. The plaintiff stated at the time of the accident, "I was headed for the check – checkout and I tripped. I don't know what I tripped on." (Rsp., Exh. G.)

Further, the photographs taken at the scene show large scuff marks adjacent to where the plaintiff's feet were positioned at the time of her fall. (Rsp. Exh. B.) Michael Patten, plaintiff's son and the person who apparently threw away a digital camera and a memory card after taking pictures of the Target floor, testified that he did not see the scuff marks on the floor. (M. Patten Depo., pp. 47:21-48:7). The plaintiff denies making the scuff marks despite their obvious appearance in the "scene of the accident" photographs in direct relation to her shoes and in the color of the thick soles of the shoes. (Rsp., Exh. H, Deposition of Plaintiff, pp. 32:22-34:20.) It will, of course, be the plaintiff's burden to show that a hazardous condition in the Target store was the cause of her damages.

It is unknown exactly what happened to the maintenance logs; however, the inescapable likelihood is that the file folder was destroyed at the time the former Target store was permanently closed in October, 2006.  At that time, the Defendant knew or should have known that the Patten litigation was imminent, having been so advised by plaintiff's counsel in June, 2006.   However, the important component for this spoliation analysis is not the undisputed fact that the defendant knew that litigation was "imminent," but rather that knowing this, the defendant had a duty to preserve <u>evidence</u>.  It is not apparent that handwritten notes of an employee reflecting a myriad of chores he had performed at the store would be <u>evidence</u> in this case.  The facts known about the incident at the time reasonably could have suggested to the defendant that the floor was not damaged.  There were pictures taken of the floor while the plaintiff was laying on it, showing the condition of the floor around her and a section of the floor where she would have been walking immediately preceding the fall.  The plaintiff herself could not say why she tripped.  No witness or bystander saw anything wrong with the floor.  The maintenance employee was not called to the scene and, in fact, didn't even know there had been an incident until years later.

Additionally, there has been no showing that defendant should have understood that the adverse party, Betty Patten, would be  prejudiced by the destruction of the maintenance man's notes of tasks he had completed around the store.   The plaintiff's son had been in the store on the day of the accident taking pictures, and on several later occasions as well, and the defendant had a right to expect that in addition to the photographs taken by its employees, there would be

an abundance of photographic evidence showing the condition of the floor.  That the son's photographic evidence does not now exist is the fault of the plaintiff, not the defendant.

Finally, even if the plaintiff had been able to satisfy the initial criteria of her spoliation claim, she certainly has not pointed to any bad faith or willful destruction of evidence by the defendant.  There is no evidence that the claims representative or anyone else even knew that Mr. Bensinger was keeping a handwritten log of his completed maintenance chores, that he kept it in an accordion folder or that the folder was left at the closed store.  Four years later when plaintiff asked for such maintenance logs, the defendant discovered the loss.

I find that the award of spoliation sanctions with respect to the loss of Patric Bensinger's handwritten maintenance logs is unwarranted.

It is therefore ORDERED:

Plaintiff's "Motion for Spoliation Sanctions" [Doc. No. 27] is DENIED.

Dated this 6th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge